**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10311 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-456-LDG-VCF |
| v. | |
| JASON WILEY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Submitted September 10, 2013**
San Francisco, California

Before: WALLACE, FISHER, and BERZON, Circuit Judges.

Wiley was convicted of nine counts of interference with commerce by

robbery and one count of conspiracy to interfere with commerce by robbery, in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concluded this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. § 1951, and ten counts of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Wiley now appeals his convictions. We review whether the challenged convictions were based on insufficient evidence by asking whether, construing the evidence in the light most favorable to the Government, a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). We review the exclusion of expert testimony by the district court for abuse of discretion. *United States v. Rincon*, 28 F.3d 921, 923 (9th Cir. 1994). We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Wiley argues that six of the robberies he conducted did not interfere with interstate commerce. The vast majority of the alcoholic beverages sold by five of the businesses Wiley robbed was manufactured outside the state of Nevada. The other challenged business, a hotel, served out-of-state guests. The depletion of the resources of such interstate businesses affects interstate commerce. *United States v. Rodriguez*, 360 F.3d 949, 955 (9th Cir. 2004). ("Robbery of an interstate business, on the other hand, typically constitutes sufficient evidence to satisfy the Hobbs Act's interstate commerce element."). There was sufficient evidence for a rational factfinder to conclude that Wiley's robberies affected interstate commerce.

Wiley contends that interstate commerce is only affected if a store closes early because of a robbery. That is not the law of the Ninth Circuit, which requires

only a de minimis effect on interstate commerce, like the depletion of an interstate business' resources. *United States v. Phillips*, 577 F.2d 495, 501 (9th Cir. 1978).

Wiley also challenges all of his convictions based on the district court's exclusion of expert testimony on the accuracy of eyewitness identification. The sole eyewitness who testified was present at only one of the robberies and had seen Wiley several times before. Wiley's attorney cross-examined her, and the district court gave comprehensive jury instructions on eyewitness testimony. Moreover, Wiley's co-conspirator, who testified against Wiley, identified him in surveillance footage of the same robbery as to which the eyewitness testified. We therefore hold that the district court did not abuse its discretion by excluding the expert testimony. *Rincon*, 28 F.3d at 925-26 & n.6. Even if the district court had abused its discretion, Wiley suffered no prejudice from that exclusion. *Howard v. Clark*, 608 F.3d 563, 575 (9th Cir. 2010) (noting that federal defendants are not necessarily prejudiced by the exclusion of testimony from eyewitness-identification experts).

**AFFIRMED.**

FILED

OCT 03 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*United States v. Wiley*, No. 12-10311

BERZON, Circuit Judge, concurring:

I agree with the memorandum disposition, except that I would not hold that the district court did not abuse its discretion in excluding the expert testimony concerning eyewitness identification. Instead, I would simply hold that Wiley suffered no prejudice from that exclusion, for the reasons stated in the memorandum disposition.